IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV93-MU-02

| | |
|---|---|
| JULIUS C. COX, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | |
| ) | |
| OFFICER SMATHER, Correc- ) | O R D E R |
|  tional Officer at Alex- ) | |
|  ander Correctional ) | |
|  Institution, ) | |
|     Defendant. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's most recent Complaint brought under 42 U.S.C. § 1983, filed July 21, 2010 (Doc. No. 1).

### I. FACTUAL AND PROCEDURAL BACKGROUND

Certain Court records reflect that this is the fourth federal law suit which Plaintiff has sought to bring against Defendant Smather concerning the same operative facts. Plaintiff's first two cases, docketed as 5:10CV34-2-MU and 5:10CV61-3-MU, were dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies on those claims. Those cases have no impact on the instant case.

However, Plaintiff's third case, docketed as 5:10CV84-2-MU, was dismissed by the Court's Order entered July 13, 2010 (Doc.

No. 8) for his failure to state a constitutional claim for relief. The facts set forth in the instant Complaint are very similar to those which Plaintiff alleged against Defendant Smather in his third Complaint. Thus, the result of that case is highly relevant to this case.

As to that third Complaint, Plaintiff alleged that he was struck by a sliding door which was operated by Defendant Smather; that after he was struck, Defendant smiled at him; and that when he asked her why she had closed the door on him and another inmate, Defendant threw up her hands. (Case No. 5:10CV84-2-MU, Doc. No. 1 at 4). Plaintiff further alleged that he complained of back pain and Defendant immediately sent him to report the incident to her superior; that she also reported the matter to her superior, telling him that the accident had occurred because of her attempt to simultaneously operate two sliding doors -- one for Plaintiff who was exiting the Dayroom and the other for an inmate who was entering that area. (Case No. 5:10CV84-2-MU, Doc. No 1 at 4). Last, Plaintiff alleged that he, at that time, had been subjected to a two-day delay in his appointment with an unnamed physician who was to treat his back pain. (Case No. 5:10-CV84-2-MU, Doc. No. 1 at 5). After a careful review, the Court determined that Plaintiff's allegations against Defendant Smather fell short of establishing either excessive force or deliberate

indifference to a serious medical need. (Case No. 5:10CV84-2-MU, Doc. No. 8 at 6 and 7).

By the instant Complaint, Plaintiff now alleges that Defendant Smather laughed (rather than smiled) when the door struck him; that he was the one who asked to see a superior officer; and that Defendant Smather "think[s] it is still funny." (Doc. No. 1 at 3). Plaintiff also alleges that when the officer sent him to see a nurse, the nurse merely had him bend in different directions but failed to give him any pain medication, or to write a report on the incident; that he did not see a doctor about the incident until approximately three months later; that the physician has denied him medical treatment and has failed to discuss the results of his back x-rayed with him.(Id.).

It appears that the crux of both Plaintiff's current and former Complaints essentially is the same: in February 2010, he was struck and injured by an automatic sliding door which was operated by Defendant Smather, and he was not satisfactorily treated for that injury. Therefore, the Court finds that this new action must be dismissed for at least two critical reasons.

## II. DISCUSSION

First, the Court finds that the action is barred by the doctrine of res judicata. This doctrine prevents a party from bringing a suit where such suit "has already been litigated to a

3

final judgment by that party . . . and precludes the assertion by such party of any legal theory, cause of action or defense which could have been asserted in that action." <u>Ohio Valley Envtl. Coal v. Aracoma Coal Co.</u>, 556 F.3d 177, 201 (4th Cir. 2009). For a prior judgment to bar an action on the basis of <u>res judicata</u>, the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two action must either be identical or in privity; and the claim in the second action must be based upon the same action involved in the earlier proceeding. <u>See</u> <u>Grausz v. Englander</u>, 321 F.2d 467, 472 (4th Cir. 2003); <u>Aliff v. Joy Mfg. Co.</u>, 914 F.2d 39, 42 (4th Cir.1990) (identifying elements of <u>res judicata</u>); <u>and</u> <u>Nash County Bd. Of Educ. v. Biltmore Co.</u>, 640 F.2d 484, 486 (4th Cir. 1981) (same). The purpose of <u>res judicata</u> is to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." <u>Hardison v. Alexander</u>, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

"The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." <u>Laurel Sand & Gravel, Inc. v. Wilson</u>, 519 F.2d

4

156, 162 (4th Cir. 2008) (quoting Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999); Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990) (Two causes of action are the same if "the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment."). An action is substantially the same as a prior action when it seeks the same relief and implicates the same set of material facts. Aliff, supra, 914 F.2d at 43; Adkins v. Allstate Ins. Co., 729 F.2d 974, 976 (4th Cir. 1984). However, even when the second complaint seeks different relief from that sought in the prior action, the earlier action will be given preclusive effect so long as both sets of claims arise from the same transaction or series of transactions. Kutzik v. Young, 730 F.2d 149 (4th Cir. 1984).

Here, it is clear that Plaintiff is attempting to resurrect his earlier allegations/claims against the same Defendant; however, the merits of those matters already were considered and rejected by this Court. Consequently, the matters raised in Plaintiff's new Complaint which, admittedly, are aimed at slightly different relief than his third action,[1] are barred by

---

[1] The third action sought monetary damages, the testimony of another inmate and the termination of Defendant's employment and the instant Complaint seeks monetary damages, Defendant's termination and a reduction in Plaintiff's sentence.

5

res judicata.

Moreover, even if the instant allegations were not barred by res judicata, they still would be subject to dismissal for the same reasons which were identified in the Court's third Order of dismissal.  Finally, to the extent that Plaintiff's Complaint also is now alleging that a physician -- whom he has identified but failed to name as a defendant -- also violated his rights by his failure to follow-up with Plaintiff after his x-ray, or to otherwise treat Plaintiff, such claim also must be dismissed because, among other matters, the allegation appears to predate Plaintiff's third Complaint.  Therefore, the subject allegations are precluded by Plaintiff's failure to have raised them in that earlier action.  Peugeot Motors of America, Inc. v. Eastern Auto Distrib., Inc., 892 F.2d 355, 359 (4th Cir. 1989) (res judicata bars litigation of all claims or defenses that were available to the parties in previous litigation, regardless of whether they were asserted or determined in such proceeding).

### III. CONCLUSION

In sum, Plaintiff's current allegations which, in any case, fail to state a claim for relief, are materially identical identical to the allegations raised in his third Complaint.  Said third Complaint was dismissed for failing to state a constitutional claim for relief.  As such, the current claims are barred

6

from the Court's review.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Complaint is **DISMISSED** because it is barred by the doctrine of res judicata; and

2. In the alternative, Plaintiff's Complaint is **DISMISSED** for its failure to state a constitutional claim for relief. 28 U.S.C. § 1915A(1)(b).

**SO ORDERED.**

Signed: July 27, 2010

Graham C. Mullen
United States District Judge